IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY WILSON,

    Petitioner,

v.                                        Civil Action No. 3:13CV188–HEH

COMMONWEALTH OF VIRGINIA,

    Respondent.

## MEMORANDUM OPINION
**(Granting Motion to Dismiss Successive 28 U.S.C. § 2254 Petition)**

Timothy Wilson, a Virginia inmate proceeding *pro se*, submitted this 28 U.S.C. § 2254 petition. Wilson challenges his convictions in the Circuit Court of the County of Orange. The United States District Court for the Western District of Virginia previously dismissed as untimely another 28 U.S.C. § 2254 petition by Wilson challenging these convictions. *See Wilson v. Johnson*, No. 7:09CV00527, 2010 WL 256671, at *1–4 (W.D. Va. Jan. 21, 2010).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider

the application." 28 U.S.C. § 2244(b)(3)(A). The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to file the present § 2254 Petition. Therefore, Respondent's Motion to Dismiss (ECF No. 9) will be granted. The action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because Wilson fails to satisfy this standard, a certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept 24, 2013
Richmond, Virginia

2